FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN B. P.,[1]<br><br>                Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | NO:  2:25-CV-0063-RLP<br><br>ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 10. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes that although the ALJ properly considered the

---

[1] Plaintiff's first name and last initial are used to protect his privacy. Plaintiff's brief indicates his current preferred pronouns are he/him. ECF No. 10 at 2 n.1. Some medical records include she/her pronouns.

ORDER REVERSING AND REMANDING
THE COMMISSIONER'S DECISION ~ 1

medical opinion evidence, the ALJ committed harmful legal error in evaluating Mr. P.'s symptom testimony. Therefore, Mr. P.'s brief, ECF No. 10, is granted and the Commissioner's brief, ECF No. 13, is denied.

## BACKGROUND

Mr. P. was 39 years old on the alleged onset date of September 29, 2021. Tr. 27, 45. He graduated from high school and has work experience assembling hydraulic motors and building wire harnesses. Tr. 104-07. He last worked in 2014. Tr. 105.

Mr. P. filed this claim for disability insurance benefits and supplemental security income in September 2021. Tr. 297-315. The claim was denied initially and upon reconsideration. Tr. 205-14, 223-30. Mr. P. appeared at a hearing in February 2024 and alleged he is unable to work due to fibromyalgia. Tr. 107. He testified that experiences fatigue, mental fog, sleep disturbance, and numbness due to fibromyalgia. Tr. 107. He has flareups one to three times per month which result in him being bedridden one to three days at a time. Tr. 107. He also has anxiety and difficulty going out in public. Tr. 109-10. On March 15, 2024, the ALJ issued an unfavorable decision, Tr. 24-52, and the Appeals Council denied review. Tr. 3-9. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the

ORDER REVERSING AND REMANDING
THE COMMISSIONER'S DECISION ~ 2

1 Commissioner's decision will be disturbed "only if it is not supported by substantial
2 evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir.
3 2012). If the evidence in the record "is susceptible to more than one
4 rational interpretation, [the Court] must uphold the ALJ's findings if they are
5 supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674
6 F.3d 1104, 1111 (9th Cir. 2012).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20

ORDER REVERSING AND REMANDING
THE COMMISSIONER'S DECISION ~ 3

C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. P. has not engaged in substantial gainful activity since September 29, 2021, the alleged onset date. Tr. 30. At step two, the ALJ found that Mr. P. has the following severe impairments: fibromyalgia, obesity, degenerative disc disease of the cervical spine, obstructive sleep apnea, gender dysphoria, bipolar II disorder, unspecified anxiety disorder, and somatic symptoms disorder. Tr. 30.

At step three, the ALJ found that Mr. P. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 30. With respect to the RFC, the ALJ found Mr. P. has the capacity to perform light work with the following limitations:

> The claimant can lift up to 20 pounds occasionally and lift/carry up to 10 pounds frequently. He can stand/walk for about 2 hours and sit for 6 hours in an 8-hour workday with normal breaks. He can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can frequently handle objects using the bilateral upper extremities. He must avoid occasional exposure to extreme cold,

>    extreme heat, excessive vibration, and operational control of moving machinery. He must avoid unprotected heights and exposure to hazardous machinery. His work is limited to simple and routine tasks. His work must be in a low stress job defined as having only occasional changes in the work setting. He must have only occasional interaction with the public.

Tr. 33.

At step four, the ALJ found Mr. P. is unable to perform any past relevant work as a wire harness assembler or product assembler. Tr. 45. At step five, after considering and Mr. P.'s age, education, work experience, and the RFC, the ALJ found there are other jobs that exist in significant numbers in the national economy that Mr. P. can perform such as mailroom clerk and security guard. Tr. 45-46.

Based on the adverse finding at step five, the ALJ determined that Mr. P. has not been under a disability, as defined in the Social Security Act, from September 29, 2021, through the date of the decision. Tr. 47.

## ANALYSIS

The ALJ found that Mr. P.'s testimony regarding the intensity, persistence, and limiting effects of his symptoms are not consistent with the evidence in the record. Tr. 34. The ALJ also rejected medical opinion evidence from Kayla Navarro, D.O., who opined that Mr. P. is unable to work. Tr. 44. Mr. P. contends ALJ erred in rejecting his testimony and in evaluating Dr. Navarro's opinion. The Court concludes the ALJ committed reversible error regarding Mr. P.'s symptom

ORDER REVERSING AND REMANDING
THE COMMISSIONER'S DECISION ~ 6

testimony, but the ALJ's findings with respect to Dr. Navarro's opinion are supported by substantial evidence.

**A.    Symptom Testimony**

A two-step process applies to an ALJ's assessment of a claimant's testimony regarding subjective pain and symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). Second, if there is such evidence and there is no sign of malingering, the claimant's testimony should generally be accepted unless there is clear and convincing evidence in support of rejection. *See Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). "[T]he ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

Here, although the ALJ agreed with Mr. P. that his "medically determinable impairments could reasonably be expected to cause [his] alleged symptoms," the ALJ rejected Mr. P.'s testimony regarding the severity of his symptoms, reasoning

ORDER REVERSING AND REMANDING
THE COMMISSIONER'S DECISION ~ 7

that they were "not entirely consistent with the medical evidence and other evidence in the record." Tr. 34.

The ALJ gave two reasons for finding Mr. P.'s symptom testimony unpersuasive.[2] First, the ALJ found the objective medical evidence and exam findings do not support Mr. P.'s allegations of disabling limitations. Tr. 40. However, the ALJ's discussion does not demonstrate how Mr. P.'s symptoms are undermined by the objective findings. The ALJ notes exam findings showing giveaway strength in the left lower extremity, decreased reflexes, decreased sensation to pinprick in arms and legs, and decreased range of motion in the back, neck, and bilateral wrists/hands. Tr. 40 (citing Tr. 706-07, 927, 932-33, 1421, 1482). The ALJ cites the same records showing normal strength in the bilateral lower extremities, intact sensation to light touch, temperature, and vibration, normal coordination, negative Hoffman's, and normal gait. *Id*. These mixed findings, without more, do not reasonably undermine Mr. P.'s symptoms statements.

Furthermore, the ALJ's consideration of the objective evidence generally ignores that fibromyalgia is a disease that eludes objective measurement. *Benecke v.*

---

[2] The Commissioner contends the ALJ "cited multiple reasons for finding Plaintiff's subjective symptom testimony less than fully reliable." ECF No. 13 at 5-6. The Court disagrees. The only reasons articulated by the ALJ are those discussed herein.

ORDER REVERSING AND REMANDING
THE COMMISSIONER'S DECISION ~ 8

1 *Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). "[A] person with fibromyalgia may
2 have 'muscle strength, sensory functions, and reflexes [that] are normal.'" *Revels v.*
3 *Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017). Normal objective examination results
4 can be "perfectly consistent with debilitating fibromyalgia." *Id.* at 666. The records
5 cited by the ALJ do not show that Plaintiff's symptoms are not as frequent, severe,
6 or limiting as alleged.

7       The second reason given by the ALJ for rejecting Mr. P.'s symptom testimony
8 is that his daily activities are not entirely consistent with his allegations of disability.
9 Tr. 41. The ALJ considered the activities Mr. P. reported on his Function Report in
10 March 2022, including preparing meals, cleaning, doing laundry, shopping in stores,
11 using a computer, paying bills, spending time with others. Tr. 41, 350-57. The ALJ
12 also noted that Mr. P. listed hobbies of computer and board games, watching
13 television, fixing electronics, and working on cars. *Id.* However, the ALJ did not
14 acknowledge that Mr. P. qualified many of his activities as impacted by his
15 impairments. For example, Mr. P. stated he can prepare his own meals but indicated,
16 "[a]s long as I am not having a flare up of my conditions I can prepare basic items . .
17 . I can cook whole meals, but it is very tiring, painful, and I can't do it very often."
18 Tr. 352. While Mr. P. stated that fixing electronics and working on cars are hobbies,
19 he also indicated that he rarely works on electronics any more due to symptoms in
20 his hands, and that working on cars is "not possible at all" with his symptoms. Tr.
21 354. The ALJ failed to explain how Mr. P.'s activities are inconsistent with his

ORDER REVERSING AND REMANDING
THE COMMISSIONER'S DECISION ~ 9

allegations, particularly with respect to flareups, or how the unique nature of fibromyalgia symptoms was considered. *See* Social Security Ruling 12-2p, 2012 WL 3104869 (effective July 25, 2012).

The ALJ's findings regarding Mr. P.'s symptom statements are not supported by substantial evidence. As a result, the matter must be remanded for reconsideration and new findings.

**B.    Kayla Navarro, D.O.**

Mr. P. contends the ALJ failed to properly consider the opinion Kayla Navarro, D.O. ECF No. 10 at 10-16. The regulations provide that an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c, 416.920c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see* 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

At an August 2023 office visit, Mr. P. asked Dr. Navarro, his treating provider, for "disability paperwork." Tr. 1421. Dr. Navarro assessed severe fibromyalgia with intermittent and frequent flares of pain symptoms. Tr. 1421. Dr.

ORDER REVERSING AND REMANDING
THE COMMISSIONER'S DECISION ~ 10

Navarro stated, "She is currently not able to work." Tr. 1421. The ALJ found this statement unpersuasive.

The ALJ observed that the opinion that a claimant can or cannot work is not a medical opinion. Tr. 44. A medical opinion is a statement from a medical source about what a claimant can still do despite their impairments and whether the claimant has impairment-related limitations or restrictions in work-related activities. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). It is distinct from a statement of symptoms or a prognosis, which fall into the category of "other medical evidence." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3). An ALJ need not address statements on issues reserved to the Commissioner, even if included within a medical opinion. *See* 20 C.F.R. §§ 404.1520b(c), 416.920b(c). Relevant here, a statement that a claimant is unable to work is a statement on an issue reserved to the Commissioner, *see* 20 C.F.R. §§ 404.1520b(c)(3)(i), 404.1527(d)(1), 416.920b(c)(3)(i), 416.927(d)(1). Therefore, the ALJ reasonably discounted Dr. Navarro's statement that Mr. P. is unable to work.

Mr. P. contends that Dr. Navarro's statement was "more than a conclusory opinion of disability" that amounts to an "an assessment of the likelihood that Plaintiff would be able to reliably attend work." ECF No. 10 at 16. Mr. P. cites *Hill v. Astrue*, which found that a doctor's statement that the claimant would be "unlikely" to sustain full time employment was an assessment of the likelihood of being able to work and "not a conclusory statement." 698 F.3d 1153, 1160 (9th

Cir. 2012). *Hill* is distinguishable because in that case, the ALJ failed to assign weight to the doctor's opinion or give any reason for doing so and the Commissioner argued it was harmless error. Additionally, the statute was revised in 2017, after *Hill*, which narrowed the definition of a medical opinion. *See Rodin v. Comm'r of Soc. Sec.*, 2023 WL 3293423, at *18 (E.D. Cal. May 5, 2023) (comparing revised statute and collecting cases). Dr. Navarro's statement is exactly the type of conclusory comment the revised regulations indicate is reserved to the Commissioner. 20 C.F.R. §§ 404.1520b(c)(3)(i), 404.1527(d)(1).

      Additionally, even if Dr. Navarro's comment is a medical opinion, the ALJ found Dr. Navarro's statement that Mr. P. is unable to work is not supported by her own examination on the same day. Tr. 44, 1421. Physical exam notes indicate that Mr. P. presented in no acute distress and exam findings were all normal except for decreased range of motion to back, neck, and bilateral wrists/hands. Tr. 1421. Mr. P. criticizes the ALJ's discussion of the exam findings as "sparse," but notes that the only exam conducted by Dr. Navarro was range of motion testing. The ALJ reasonably concluded that unspecified decreases in range of motion does not adequately support the conclusion that Mr. P. is "unable to work."

      The ALJ also found Dr. Navarro's opinion that Mr. P. is unable to work inconsistent with subsequent evidence that a week later, another provider recommended he walk 5,000 steps per day as part of a weight loss program. Tr. 37, 44, 1413. Although Mr. P. argues the ALJ should not have considered this as a

ORDER REVERSING AND REMANDING
THE COMMISSIONER'S DECISION ~ 12

statement that he is capable of walking 5,000 steps per day, it is a reasonable inference from the record. The existence of an alternative resolution of the evidence does not provide a sufficient basis for reversing an ALJ's decision that is supported by substantial evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir.1987).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Mr. P. requests remand for further administrative proceedings which the Court concludes is the appropriate remedy.

Accordingly,

1. Mr. P.'s Brief, **ECF No. 10**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 13**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** September 8, 2025.

REBECCA L. PENNELL
United States District Judge